**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No. 12-44304-MSH |
| RICHARD GARREPY AND HEATHER | ) | |
| GARREPY | ) | |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OF DECISION REGARDING THE CHAPTER 13 TRUSTEE'S**
**MOTION FOR RULE 9011 SANCTIONS**

For the second time in this case, the chapter 13 trustee asserts that the debtors, Richard and Heather Garrepy, are not committing all of their projected disposable income to their chapter 13 plan. I previously denied confirmation of a prior iteration chapter 13 plan proposed by the Garrepys for failure to commit their projected disposable income to plan payments because they insisted on deducting from income a second mortgage payment even though they would no longer be obligated to make that payment under their plan. *See In re Garrepy*, 501 B.R. 13 (Bankr. D. Mass. 2013) ("*Garrepy I*"). This time, instead of filing an objection to plan confirmation, however, the chapter 13 trustee moves for sanctions to be imposed upon Robert Kovaks, the Garrepys' attorney, arising out of an amended chapter 13 plan and an amended Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (known in shorthand as "form B22C" or "the means test") in which the Garrepys take a deduction for a car payment they are not obligated to make because they no longer own the car in question. Mr. Kovaks opposes the imposition of sanctions and seeks an award of attorneys' fees from the trustee and her counsel.

1

**Facts and Background**

The material facts are not in dispute. When the Garrepys filed this case on December 18, 2012, they owned two vehicles, including a 2011 Mitsubishi which secured a loan from Wells Fargo Bank carrying a payment obligation of $489.00 per month. Sometime in the spring of 2013, the Garrepys stopped making payments on the Mitsubishi car loan. On July 16, 2013, Wells Fargo obtained relief from the automatic stay under Bankruptcy Code § 362 to repossess the Mitsubishi. The Mitsubishi was repossessed or surrendered. The Garrepys replaced the Mitsubishi with what they describe only as "a late model car" which they purchased for all cash.

On December 3, 2013, about five months after the automatic stay was terminated with respect to the Mitsubishi, the Garrepys filed an amended plan signed by them and by Mr. Kovacs, an amended schedule J detailing their monthly expenses and the amended form B22C. The amended form B22C was signed only by the Garrepys but was filed under cover of a motion to amend signed by Mr. Kovacs in which the amended form B22C is by reference made a part of the motion. The motion states that the original form B22C filed by the Garrepys at the commencement of this case did not accurately reflect their projected income and expenses, thus establishing by unassailable inference that the amended form B22C accurately reflects those items.   In the amended plan the Garrepys propose to pay the trustee $300 a month for 60 months to be distributed by her to creditors and administrative expense claimants. The plan states that the Garrepys are surrendering the Mitsubishi to Wells Fargo. The amended form B22C provides for a deduction of $425.93 per month for the Mitsubishi car loan even though the Garrepys are no longer making any car loan payments and have not been doing so for some months. After deductions for monthly expenses including the Mitsubishi car loan payment, the

2

form B22C calculates the Garrepys' monthly disposable income at $8.83. Amended schedule J,

however, does not list any car payments. The Garrepys' monthly disposable income according to

amended schedule J is $299.07—97 cents less than their proposed plan payment.

Earlier in this case, the trustee objected to confirmation of the Garrepy's prior proposed

plan which contained a plan payment based on the Garrepys' deducting from their disposable

income payment on a mortgage loan. The plan, however, provided that the mortgage would be

stripped off and that the Garrepys would no longer be obligated to pay that loan. In sustaining the

trustee's objection, I noted that:

> Section 1325(b)(1)(B) provides that a chapter 13 plan may be confirmed
> notwithstanding a trustee's objection if the plan applies all the debtor's projected
> disposable income to plan payments for the plan commitment period. The phrase
> "projected disposable income" is not defined in the Bankruptcy Code, but §
> 1325(b)(2) of the Bankruptcy Code defines "disposable income" to mean current
> monthly income less certain reasonably necessary expenses. The phrase "current
> monthly income" in turn is defined in § 101(10A) of the Bankruptcy Code as a
> debtor's average monthly income for the six months immediately preceding the
> filing of his bankruptcy petition, which is the formula adopted in Form B22C. To
> determine what are reasonably necessary expenses deductible from current
> monthly income in cases involving debtors whose income exceeds the applicable
> median, like the Garrepys, § 1325(b)(3) of the Bankruptcy Code requires
> reference to § 707(b)(2). Section 707(b)(2) of the Bankruptcy Code enumerates
> those expenses which may be deducted from income in performing the means
> test. The § 707(b)(2) expenses are included in Part IV of Form B22C as
> deductions from current monthly income. Among those expenses, §
> 707(b)(2)(A)(iii)(I) allows above-median debtors to deduct "all amounts
> scheduled as contractually due to secured creditors."

> In *In re Kramer*, 495 B.R. 121 (Bankr. D. Mass. 2013), [the] court considered the
> identical issue in dispute here [and] found that, while § 707(b)(2)(A)(iii)(I) allows
> the monthly payment of a stripped mortgage to be deducted in Part IV of Form
> B22C, under *Lanning*[1] the monthly payment for a stripped mortgage may not be
> deducted when calculating projected disposable income for purposes of §

---

[1] *Hamilton v. Lanning*, 560 U.S. 505, 130 S. Ct. 2464 (2010).

3

1325(b)(1)(B). Id. at 125–26. Put another way, Lanning teaches that the term
"projected disposable income" in § 1325(b)(1)(B) is not the same as the term
"disposable income" in § 1325(b)(2). The word "projected" requires taking into
account changes to a debtor's income or expenses that are known or virtually
certain to occur, like being able to save $147.00 each month in light of a stripped-
off mortgage. Lanning, 130 S. Ct. at 2475.

*Garrepy I*, 501 B.R. at 16.

## Discussion

The trustee now seeks sanctions against Mr. Kovaks pursuant to Fed. R. Bankr. P. 9011

which provides in relevant part that by signing a pleading an attorney is certifying that that the

pleading is not "presented for any improper purpose" and that the "claims, defenses, and other

legal contentions therein are warranted by existing law or by a nonfrivolous argument for the

extension, modification, or reversal of existing law…." Fed. R. Bankr. P. 9011(b)(1) and(2). The

trustee, who afforded Mr. Kovacs the opportunity to avail himself of the safe harbor protection

of Fed. R. Bankr. P. 9011(c),[2] asserts that the amended form B22C and the amended plan filed

by Mr. Kovacs were "presented for an improper purpose, are not warranted by existing law,

and/or are frivolous." According to the trustee, given my ruling in *Garrepy I*, it should have been

obvious to Mr. Kovacs that the Garrepys could not deduct a non-existent car payment from their

projected disposable income in their amended form B22C. She requests disgorgement of fees as

a sanction under Rule 9011 with the money to be divided between the Garrepys and unsecured

---

[2]  Fed. R. Bankr. P. 9011(c)(1)(A) is the so-called safe harbor provision which requires that a
motion for sanctions under Rule 9011 may not be filed with the court unless it has first been
served on the attorney responsible for the offending pleading and "unless, within 21 days after
service of the motion, . . . the challenged paper, claim, defense, contention, allegation, or denial
is not withdrawn or appropriately corrected." Mr. Kovacs did not withdraw or correct the
challenged pleadings.

4

creditors although the trustee's motion is unclear as to the percentage split. The trustee also seeks

an order directing the Garrepys to file a new plan presumably because when the non-existent car

loan payment of $425.93 is removed from form B22C the Garrepys' disposable income will

increase to $435.73 a month, which is more than the amount provided under the current amended

plan proposed by them.

Mr. Kovaks resists the trustee's demands arguing that the Garrepys intend to purchase a

new car when their finances improve and in doing so will incur a monthly car loan payment on

the order of magnitude of their old Mitsubishi loan payment.

In *Lanning* the Supreme Court adopted a forward-looking approach when calculating

projected disposable income of an above-median-income debtor and stated that a court may

factor in changes to the debtor's income that "are known or virtually certain at the time of

confirmation." Later, in the case of *Ransom v. FIA Card Services, N.A.*, 562 U.S. 61, 131 S. Ct.

716 (2011), the Supreme Court held that an above-median-income chapter 13 debtor could not

deduct a car payment in calculating his disposable income under the means test when he did not

have a car loan. The Court noted:

> Ransom finally argues that a debtor who owns his car free and clear may need to
> replace it during the life of the plan; "[g]ranting the ownership cost deduction to a
> vehicle that is owned outright," he states, "accords best with economic reality."
> *Id.*, at 52. In essence, Ransom seeks an emergency cushion for car owners. But
> nothing in the statute authorizes such a cushion, which all debtors presumably
> would like in the event some unexpected need arises. And a person who enters
> bankruptcy without any car at all may also have to buy one during the plan
> period; yet Ransom concedes that a person in this position cannot claim the
> ownership deduction. Tr. of Oral Arg. 20. The appropriate way to account for
> *unanticipated expenses* like a new vehicle purchase is not to distort the scope of a
> deduction, but to use the method that the Code provides for all Chapter 13 debtors
> (and their creditors): modification of the plan in light of changed circumstances.
> See § 1329(a)(1); see also *supra,* at 729.

5

*Id.* at 730.

The Garrepys never sought to present evidence that their planned purchase on credit of a car to replace the one they recently purchased as a substitute for the Mitsubishi is a "virtual certainty." It is difficult to imagine how they would do so in any event. Besides, their suggestion that they are entitled to continue to deduct as an expense a non-existent car loan because they intend to finance a new car purchase in the future when their financial condition improves is precisely the kind of "emergency cushion for car owners" that the Court in *Ransom* roundly rejected.

The Garrepys' amended form B22C was filed well after the Supreme Court had issued its decisions in *Lanning* and *Ransom.* Mr. Kovaks should have been aware of these rulings and their impact on the calculation of projected disposable income in chapter 13. In any event he was certainly aware of my ruling in *Garrepy I* before he filed the amended form B22C. Based on this body of law, there was no basis for Mr. Kovaks to assert on behalf of the Garrepys a right to deduct a non-existent car payment from their income.

I conclude that the amended form B22C filed by Mr. Kovacs along with the motion signed by him incorporating the form by reference contain representations or assertions not warranted under existing law and thus I find Mr. Kovacs to have violated Rule 9011(b)(2). I do not find a violation of Rule 9011(b)(1) nor do I find that Mr. Kovacs' filing of the amended chapter 13 plan violated Rule 9011. As a sanction I will order Mr. Kovacs to pay $500 to the chapter 13 trustee to be applied by her to payments under the Garrepys' plan (except payment to Mr. Kovacs) and not to charge the Garrepys any legal fees or costs in connection with the amended form B22C, the amended chapter 13 plan or the trustee's motion for sanctions. Mr.

6

Kovaks shall file a certificate of compliance as to payment of the $500 within 14 days of the date

of this order. Also within 14 days of the date of this order, the Garrepys shall file an amended

form B22C and an amended plan consistent with the legal standards outlined in this

memorandum. Mr. Kovacs' request for an award of attorneys' fees from the trustee and her

counsel will be denied.

Separate orders consistent with this memorandum shall enter.


At Worcester, Massachusetts this 6th day of October, 2014.

By the Court,


_____

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:    Robert W. Kovaks, Esq.
                      Law Offices of Robert W. Kovaks
                      Worcester, MA 01604
                      for the debtors

                      Denise M. Pappalardo, Esq.
                      Joanne Psilas, Esq.
                      Worcester, MA 01601
                      for the chapter 13 trustee